Per. Curiam.
The terms of the devise clearly created an estate tail (c) in Lancet (the son,) and he dying without issue in the life time of his brother Jonathan, Jonathan the only survivor, took the estate in fee.

 Note. In the case of Fosdick v. Cornell 1 Johns. 439. C. by bis last will, after charging his estate with the payment of a debt, providing for his wife See. devised his real estate to his four sons, and a daughter E. and then added “ further my mind and will is that if any of my said sons shall happen to die without heirs male of their own bodies, that then the lauds shall return to the survivors, and be equally divided among them.” After argument and a careful examination of the leading cases of a similar kind, the Court held — that these words did not create an estate tail, but a limitation over in foe to the survivors on the failure of the male heirs. The Court say the devise over is good as an executory devise, and will not in any way affect or qualify the prior clause in ¿he. will wherein a fee-simple is devised. The same doctrine was. ‘/¡eld by the same Court in fb'* subsequent case of Jackson v. Blanchan 3 Joghn. 282.